IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF MARK JENNINGS, et al., | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | Civil Action No. 15-962 (JBS/AMD) |
| v. | |
| DELTA AIR LINES, INC., et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Robert Aaron Greenberg, Esq.
ARONBERG, KOUSER & PAUL
430 Route 70 West
Cherry Hill, NJ 08002
    Attorney for Plaintiffs

John Timothy McDonald, Esq.
THOMPSON HINE LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
    Attorney for Defendant Delta Air Lines, Inc.

Darth M. Newman, Esq.
Howard A. Rosenthal, Esq.
ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033
    -and-
Jonathan P. Rardin, Esq.
ARCHER & GREINER, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103
    Attorneys for Defendant Xerox Business Services, LLC

**SIMANDLE, Chief Judge:**

**I. INTRODUCTION**

In this action, Emily Jennings, individually and as administratrix of the Estate of Mark Jennings, asserts claims for breach of contract and negligence against Delta Air Lines, Inc. ("Delta") and Xerox Business Services, LLC ("Xerox"), as successor of Affiliated Computer Services, Inc. ("ACS"), for their roles in the allegedly wrongful denial of the Estate's life insurance claim. Following her husband's unexpected death, Ms. Jennings filed a claim under his life insurance policy provided by his employer, Delta, as part of a group employee benefits plan. Xerox was the records custodian for the plan, and in this capacity, interacted with Mr. Jennings and made eligibility decisions regarding his life insurance benefits.

This matter comes before the Court on motions to dismiss by Defendants Xerox [Docket Item 17] and Delta [Docket Item 18] under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim. Defendants principally argue that the Employment Retirement Income Security Act of 1974 ("ERISA") preempts Plaintiffs' claims for breach of contract and negligence because they "relate to" a benefits plan covered by ERISA. The Court finds that Plaintiffs' claims essentially challenge the propriety of Defendants' conduct under the terms of an ERISA

2

plan, require interpretation of the plan, and are thus preempted by ERISA.

For the reasons discussed below, the Court will grant Defendants' motions and dismiss Plaintiffs' complaint in its entirety against Delta and Xerox without prejudice to refiling an amended complaint curing these deficiencies within 21 days.

## II. BACKGROUND

### A.  Facts

The Court accepts as true for the purposes of the instant motions to dismiss the following facts as alleged in the Complaint. [Docket Item 1.]

Mark Jennings died on or about December 14, 2009 after being struck by a motorist while doing yard work on his property. (Compl. ¶ 9.) Prior to his death, Mr. Jennings was employed at all relevant times as a pilot by Delta, which offered its employees a Welfare Benefit Plan entitled "Delta Pilot's Disability and Survivor Trust" ("the Plan"). (Id. ¶ 10.) Metropolitan Life Insurance Company ("Metlife") was the claims administrator responsible for paying benefits under the Plan while Xerox was the records custodian responsible for maintaining records and corresponding with participants regarding eligibility. (Id. ¶¶ 11-13.) Mr. Jennings was insured under a group life insurance policy as part of the Plan with death benefits totaling $501,725.00. (Id. ¶ 16.)

Plaintiffs allege that Mr. Jennings, a Lieutenant Colonel with the New Jersey Air National Guard, was on active duty at the time of his death, during which he was on Special Conflict Military Leave of Absence from Delta from December 1, 2008 until his death on December 14, 2009. (Id. ¶¶ 14-15.) According to Plaintiffs, due to his Special Conflict Military Leave of Absence status, Delta was responsible for paying premiums for Mr. Jennings' coverage, despite the fact that he was notified in March, 2009 that he would be responsible for paying the premiums for his medical, dental, vision and life insurance coverages beginning in May, 2009. (Id. ¶¶ 17-18.) After receiving this notification, Mr. Jennings called the Delta Employee Service Center ("ESC") on April 17, 2009 and indicated that he wished to "cancel his medical, dental and vision insurance and to temporarily suspend his medical, dental and vision insurance benefits ONLY, as he would be receiving such benefits through his active military service . . . ." (Id. ¶ 28.) Mr. Jennings then sent a letter to Xerox dated April 20, 2009, which stated the following:

> I am requesting that my health care benefits be retroactively rescinded beginning 1 December 2008. Since that time, I have been on extended military leave of absence. The USAF has been providing full medical and dental coverage through the Tri-Care program . . . . I plan to continue utilizing this coverage until the time I am able to return to Delta Air Lines. Thank you for your assistance to this matter.

(Id. ¶ 29.) Based on this letter, Xerox cancelled all of Mr. Jennings' coverages, including his life insurance, and did not send any further billing invoices. (Id. ¶ 30.) Delta did not submit any premiums for any of Mr. Jennings' coverages. (Id. ¶ 31.) On June 9, 2009, Mr. Jennings called the ESC and was informed that his letter had been received. (Id. ¶ 32.) However, he was not advised that all coverages, including his life insurance, had been cancelled. (Id.)

In October, 2011, Mr. Jennings' wife, Emily Jennings, filed a claim with Metlife as beneficiary for the basic life insurance benefits under the Plan. (Id. ¶ 19.) After consulting Xerox, Metlife denied Ms. Jennings' claim and explained that Mr. Jennings' life insurance was cancelled effective May 31, 2009 and therefore not in effect at the time of his death. (Id. ¶ 20.) Metlife also stated that Mr. Jennings' employment with Delta had terminated on May 15, 2009. (Id. ¶ 21.) Ms. Jennings appealed the denial, asserting that her husband's employment had not been terminated and that Delta was responsible for paying the premiums for his coverage while he was on Special Conflict Military Leave of Absence as explained in Delta's "Pilot's Life Insurance and Survivor Benefits Handbook."[1] (Id. ¶¶ 23-24.)

---

[1] The Court is familiar with the Handbook because Plaintiffs previously provided it to the Court in connection with their opposition to defendant's motion to dismiss in Estate of Jennings ex rel. Jennings v. Metropolitan Life Ins. Co., Civ.

Metlife upheld the denial on February 20, 2012 and again on September 10, 2013 for reasons consistent with those initially stated. (Id. ¶¶ 25-26.)

**B.   Procedural background**

Plaintiffs filed this action on February 6, 2015 against Delta and Xerox asserting claims for breach of contract and negligence. Plaintiffs assert that Xerox failed "to accurately interpret and carry out the instructions in the plaintiff's unambiguous correspondence" and "[n]egligently, carelessly and wrongfully determin[ed] that plaintiff was not continually eligible for life insurance benefits." (Id. ¶ 38.) Plaintiffs also assert tha Xerox's negligence "constituted a Material Breach of Contract and resulted in the wrongful cancellation of . . . eligibility for life insurance benefits. . . ." (Id. ¶ 40.) Plaintiffs claim that Delta was "negligent by failing to pay premiums for basic life insurance coverage. . . ." (id. ¶

---

13-5376 (JBS). See Estate of Jennings ex rel. Jennings v. Metropolitan Life Ins. Co., Civ. 13-5376 (JBS), 2014 WL 4723147, at *3 n.3 (D.N.J. Sept. 22, 2014). Accordingly, the Handbook is publicly available from Plaintiffs' prior suit arising out of the same subject matter and the Court may take notice of it in resolving the pending motion. See City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) ("When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.").

43) and this negligence caused "a Material Breach of Contract. .
. ." (Id. ¶ 44.)

Prior to this action, on September 10, 2013, the Estate
filed suit against Metlife pursuant to ERISA claiming benefits
due under the Plan. (Id. ¶ 33.) This Court granted Metlife's
motion for summary judgment on September 22, 2014. See Estate of
Jennings ex rel. Jennings v. Metropolitan Life Ins. Co., Civ.
13-5376 (JBS), 2014 WL 4723147, at *9 (D.N.J. Sept. 22, 2014).
The Court concluded that "Metlife's denial of Plaintiff's claim
for benefits was proper and consistent with the Plan terms
because . . . no premiums were paid on Mr. Jennings' behalf and
no life insurance coverage was in effect at the time of his
death." Id. Additionally, the Court rejected the Estate's
argument that Metlife should be held liable for errors by Xerox
in billing and cancellation decisions. Id. Importantly, however,
the Court made no determination regarding the liability of the
present Defendants, Xerox or Delta.

This suit and the instant motions followed. Plaintiffs
filed a consolidated opposition [Docket Item 20] and Defendants
each filed a reply [Docket Items 21 & 22.]

**III. STANDARD OF REVIEW**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be
granted only if, accepting all well-pleaded allegations in the
complaint as true and viewing them in the light most favorable

7

to the plaintiff, a court concludes that plaintiff failed to set forth sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, legal conclusions are not entitled to the same assumption of truth, and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. To determine if a complaint meets the pleading standard, the Court must strip away conclusory statements and "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (quotation omitted).

**IV. DISCUSSION**

Both Delta and Xerox argue that Plaintiffs' claims are preempted by ERISA. Defendants contend that Plaintiffs' claims "relate to" an ERISA plan because they rely on the existence of the Plan and require interpretation of the Plan terms. Defendants further assert that because ERISA claims can be brought against non-fiduciaries, state law claims related to the

Plan against non-fiduciaries are preempted by ERISA.
Alternatively, Defendants argue that the state law claims are
barred by the statute of limitations.

Plaintiffs respond by arguing that their negligence and
breach of contract claims are not preempted by ERISA because the
claims do not "relate to" the Plan as required by the statute.
Plaintiffs assert that the ERISA preemption cases cited by
Defendants are factually distinguishable from the present case
and that ERISA does not preempt claims against non-fiduciaries.
Additionally, Plaintiffs argue that their claims should be
converted to ERISA claims without requiring a new pleading if
this court determines that the claims are preempted.[2]

**A. Plaintiffs' claims "relate to" an ERISA plan**

The Court begins by considering whether Plaintiffs' state
law claims "relate to" an employee benefit plan covered by
ERISA. With ERISA, Congress created a comprehensive regulatory
scheme to promote uniform standards for the regulation of
employment benefit plans that "provide medical, surgical, or
hospital care, or benefits in the event of sickness, accident,
disability, or death." Pilot Life Ins. Co. v. Dedeaux, 481 U.S.
41, 44 (1987) (citing 29 U.S.C. § 1002(1)(A)). The statute also

_____

[2] Defendants reject Plaintiffs' suggestion that the Court should
simply convert Plaintiffs' state law claims to ERISA claims
because this would not afford Defendants proper notice as
required by the Federal Rules of Civil Procedure.

provides for "appropriate remedies, sanctions, and ready access
to the Federal courts" for violations of the Act. 29 U.S.C. §
1001(b). ERISA contains an express preemption provision which
states:

> Except as provided in subsection (b) of this section, the
> provisions of this subchapter and subchapter III of
> this chapter shall supersede any and all State laws insofar as
> they may now or hereafter relate to any employee benefit plan
> described in section 1003(a) of this title and not exempt
> under section 1003(b) of this title.

29 U.S.C. § 1144(a).

The Supreme Court has broadly interpreted the ERISA
preemption clause, finding that a law "relates to" a benefit
plan "if it has a connection with or reference to such a plan."
Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96 (1983). See also
Shiffler v. Equitable Life Assur. Soc. of U.S., 838 F.2d 78, 81
(3d Cir. 1988) (noting that the Supreme Court has given "relate
to" "the broadest common sense meaning").[3] A state law cause of

---

[3] The Court is unpersuaded by Plaintiffs' argument that the
Supreme Court's decision in New York State Conference of Blue
Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645
(1995), limited the preemptive scope of ERISA or somehow altered
the relevant preemption analysis. In Travelers, the Court ruled
that a New York statute imposing a surcharge on patients covered
by select insurers was not preempted by ERISA because the
statute "affect[s] only indirectly the relative prices of
insurance policies, a result no different from myriad state laws
in areas traditionally subject to local regulation, which
Congress could not possibly have intended to eliminate." Id. at
668. However, as noted subsequently by the Third Circuit,
Travelers did not establish a broad rule for ERISA preemption
applicable beyond the fairly narrow facts of that case. See
Kollman v. Hewitt Associates, LLC, 487 F.3d 139, 147-48 (3d Cir.

action "relates to" an employee benefits plan if, without the plan, there would be no cause of action. 1975 Salaried Ret. Plan for Eligible Employees of Crucible, Inc. v. Nobers, 968 F.2d 401, 406 (3d Cir. 1992) (citing Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990)); Our Lady of Lourdes Health Sys. v. MHI Hotels, Inc. Health & Welfare Fund, 2009 WL 4510130, at *3 (D.N.J. Dec. 1, 2009) (holding that state law claims were preempted by ERISA because "the existence of the plan was essential to the suit and the courts would have been required to look to those plans to resolve the dispute"). State law claims relating to an employment plan are preempted by ERISA even if there is no corresponding federal remedy under the statute. Aetna Health Inc. v. Davila, 542 U.S. 200, 216 (2004) ("Congress' intent to make the ERISA civil enforcement mechanism exclusive would be undermined if state causes of action that supplement the ERISA § 502(a) remedies were permitted, even if the elements of the state cause of action did not precisely duplicate the elements of an ERISA claim."); Menkes v. Prudential Ins. Co. of Am., 762 F.3d 285, 296 (3d Cir. 2014) (holding that state law claims for punitive damages were

---

2007) ("In the *Travelers* decision, the Court did not establish a generally applicable rule that could be used to determine preemption in different fact situations. Therefore, we must make the preemption decision in light of the purpose underlying § 514(a) and, of course, the applicable precedents from opinions of the Supreme Court and this court.").

preempted by ERISA because Congress decided not to include the option for a punitive damages remedy in the statute).[4]

Because the purpose of the preemption clause was to establish ERISA as the exclusive method for seeking legal remedy related to an employee benefit plan, allowing state law claims relating to the plan would undermine this purpose. Barber v. Unum Life Ins. Co. of Am., 383 F.3d 134, 140 (3d Cir. 2004) (citing Davila, 542 U.S. at 209). Therefore, state law causes of action, such as negligence for failure to pay benefits under the plan "relate to" the plan and are preempted by ERISA. See Brenner v. Chase Manhattan Mortgage Corp., 2002 WL 655211, at *1 (D.N.J. Jan. 3, 2002) (holding that state law claims for negligence in failing to enroll Plaintiff in benefits plan was in essence a claim for benefits and was thus preempted by ERISA).

The Third Circuit has ruled that claims "relate to" an employee benefit plan when the court must look to the terms of the plan to determine the merits of the claim. Kollman v. Hewitt Associates, LLC, 487 F.3d 139, 150 (3d Cir. 2007). In Kollman, plaintiff filed suit against a third-party company handling administrative duties for his benefits plan, including the

---

[4] In light of this recent Third Circuit precedent, Plaintiffs' reliance on a footnote in Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse, 879 F.2d 1146 (3d Cir. 1989), for the opposite conclusion is inapposite.

creation and management of a website which provided estimates of participants' total benefits under the plan. Id. at 141. Plaintiff alleged professional malpractice against the third-party company for failure to provide accurate benefits information on their website. Id. The Third Circuit distinguished between state law claims which are preempted by ERISA and state law claims which are not preempted by ERISA. Id. at 149-50. The Court of Appeals explained that certain state law claims that "do not interfere with the essential role of an ERISA plan" such as claims for unpaid rent and failure to pay creditors are not preempted. Id. at 150. In contrast, the Court of Appeals found that Kollman's claim was preempted by ERISA because it "goes to the essence of the function of an ERISA plan-the calculation and payment of the benefit due to a plan participant." Id. Indeed, Kollman's claim required the court to consult the plan terms to determine whether the calculations, among other things, were erroneous. Id.

The Court also finds guidance in the factually analogous case of Rowello v. Healthcare Benefits, Inc., 2013 U.S. Dist. LEXIS 152631 (D.N.J. Oct. 23, 2013). In Rowello, the plaintiff estate asserted negligence and breach of contract claims against the decedent's employer for wrongfully denying plaintiff's claim for supplemental life insurance benefits. Id. at *4. Plaintiff alleged that the decedent had completed and submitted the

necessary forms to effectuate an increase in his life insurance coverage, yet the insurer denied that the increase ever took effect. Id. at *4-5. After noting that plaintiff essentially sought "to use state law as an alternative to ERISA for enforcing the policy terms," id. at *12, the court found plaintiff's negligence and breach of contract claims preempted by ERISA because they "relate[d] to" an ERISA plan. Id. at *18.

The instant action presents a similar situation to Kollman and Rowello because the claims are brought by a beneficiary of the Plan and require interpretation of the Plan terms. The allegations in the Complaint clearly implicate the Plan terms. For example, Plaintiffs allege that Xerox "[n]egligently, carelessly and wrongfully determin[ed] that the plaintiff was not continually eligible for life insurance benefits under the terms of the Plan." (Compl. ¶ 38(3).) Similarly, Plaintiff alleges that Delta was "careless and negligent with regard to its determination of decedent's employment status and to his continuing eligibility under the terms of the above stated Plan, and was careless and negligent by failing to pay premiums . . . ."[5] (Id. ¶ 43.) The determination regarding coverage and

---

[5] When discussing Mr. Jennings' employment status in the Complaint, Plaintiffs specifically refer to Delta's "Pilot's Life Insurance and Survivor Benefits Handbook," which defines two types of military leave. (Compl. ¶ 24.) By its own terms, the Handbook is a Summary Plan Description provided to participants as required by ERISA. Although the Handbook does

eligibility for the Plan and the payment of the premiums involve the essential functions of the benefits plan. Without the Plan, Plaintiffs would have no cause of action against Xerox or Delta.

In other words, the Court will have to look at the terms of the Plan to determine whether Delta was required "to pay premiums for basic life insurance coverage for decedent who was on Special Conflict Military Leave beyond May 15, 2009" (id.) and whether Xerox was negligent in "determining that plaintiff was not continually eligible for life insurance benefits under the terms of the Plan." (Id. ¶ 38(3).) See Menkes v. Prudential Ins. Co. of Am., 762 F.3d 285, 296 (3d Cir. 2014) ("Because these claims [for breach of contract, breach of implied covenant of good faith and fair dealing, and breach of fiduciary duty] explicitly require reference to the plan and what it covers, they are expressly preempted."). Moreover, the damages claimed "in the amount of $501,725.00" (id. ¶ 40) is the amount allegedly owed to the estate had the benefits plan been effective for Mr. Jennings at the time of his death, which suggests that, just like the claims in Rowello, Plaintiffs' claims here seek to use state law to enforce the Plan terms.

---

not constitute the official Plan terms, it provides a summary of the life insurance and survivor benefits provided by the Plan. Accordingly, it is clear that eligibility for Basic Life Insurance coverage depends on a participant's military leave status, as defined by the Plan terms.

Therefore, the Court finds that Plaintiffs' claims for negligence and breach of contract "relate to" the Plan for purposes of ERISA preemption.[6]

**B.   Claims against non-fiduciaries are preempted by ERISA**

The Court now turns to Plaintiffs' assertion that ERISA does not preempt state law claims against non-fiduciaries. Defendants contend that because claims against non-fiduciaries are permitted under ERISA, state law claims "related to" an ERISA plan against non-fiduciaries are preempted.

Under ERISA, an entity is a fiduciary in regard to an employee benefits plan if:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

---

[6] Plaintiffs cite Pizlo v. Bethlehem Steel Corp., 884 F.2d 116 (4th Cir. 1989) to argue that their state law claims are not preempted by ERISA. In that case, the Fourth Circuit ruled that the plaintiffs' state law claims for breach of contract, promissory estoppel and negligent misrepresentation did not "relate to" an ERISA plan and thus were not preempted by ERISA because they "do not bring into question whether Plaintiffs are eligible for plan benefits, but whether they were wrongfully terminated from employment after an alleged oral contract of employment for a term." Id. at 120. The present action is easily distinguished because Plaintiffs' claims here directly call into question whether Mr. Jennings was "eligible for life insurance benefits under the terms of the Plan." (Compl. ¶ 39(2).)

Although the Third Circuit found in Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse, 879 F.2d 1146 (3d Cir. 1989) that plaintiff had no implied cause of action against a non-fiduciary defendant under ERISA, the Supreme Court has subsequently ruled that ERISA permits claims against non-fiduciary parties in interest. Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 241 (2000). Additionally, the Third Circuit in Kollman ruled that a state professional malpractice claim against a non-fiduciary was preempted by ERISA because the claim related to the plan. Kollman, 487 F.3d at 150.

The Court of Appeals distinguished Kollman from Painters, noting that the plaintiff in Painters was the plan itself, rather than a beneficiary or recipient of the plan. Id. at 148-49. The court explained that the purpose of the preemption provision was to eliminate state law claims that interfered with ERISA plans to avoid conflicting state and local regulation of such plans, but a claim brought by the plan itself alleging negligent activity that injured the plan was not the type of claim Congress intended to eliminate. Id. at 149. In Kollman, however, the claim brought by a plan participant implicated the essential function of the plan, specifically the calculation of plan benefits. Id. at 150. Because the claim interfered with the

17

plan and plaintiff's claim required consideration of the plan terms to determine whether the calculation of benefits was correct, the court concluded that the state law claim against a non-fiduciary was preempted by ERISA. Id.

In the present case, assuming arguendo that Defendants are properly considered non-fiduciaries, Plaintiffs' claims for breach of contract and negligence are preempted by ERISA because a beneficiary of the plan rather than the plan administrator is bringing the claims and the claims relate to the plan itself. The situation here is analogous to Kollman because the claims are brought by the Estate of a plan participant and attack the administration of the plan, namely the determination of whether benefits are owed, who was responsible for paying premiums under the Plan, and whether Mr. Jennings' insurance coverage was active at the time of his death.[7] Claims of a beneficiary against

---

[7] Although Plaintiffs argue that finding preemption in this case would result in a situation in which "a records keeper or employer with no relationship to an ERISA plan who negligently acted would be immune from liability" (Pl. Opp. at 7), it clear on the face of the Complaint that Defendants had an integral role in essential plan functions which could expose them to liability under the statute. Plaintiffs allege that Xerox cancelled all of Mr. Jennings' coverages and that Delta failed to pay premiums on his behalf as required by the Plan documents. As such, Xerox and Delta are not remote third parties unrelated to the administration of the Plan, and the Court finds Plaintiffs' suggestion that Defendants had no relationship to the Plan unsupported by the facts of the case as alleged in the Complaint. Indeed, courts have opined that an employer's failure to make premium payments could support a breach of fiduciary duty claim under ERISA. See McFadden v. R&R Engine & Mach. Co.,

the plan and those involved in the administration of the plan are precisely the type of claims preempted by ERISA. Plaintiffs have failed to cite any binding authority to the contrary.[8] Therefore, the Court finds that Plaintiffs' claims against Defendants Delta Air Lines, Inc. and Xerox Business Services,

---

102 F. Supp. 2d 458, 468 (N.D. Ohio 2000) (collecting and discussing cases); see also Williams v. Holographic Label Converting, Inc., Civ. 07-646, 2007 WL 2361451, at *2 (D. Minn. Aug. 15, 2007); Krippendorf v. Mitchell, Civ. 05-00888, 2006 WL 118376, at *3 (E.D. Ark. Jan. 13, 2006); Kress v. Dutchtown S. Cmty. Corp., Civ. 11-1537, 2012 WL 2374710, at *3 (E.D. Mo. June 22, 2012). Of course, in so stating, the Court expresses no opinion as to whether Plaintiffs may have a viable cause of action against Defendants under ERISA.

[8] Plaintiffs cite Munoz v. Prudential Ins. Co. of Am., 633 F. Supp. 564 (D. Colo. 1986) in support of the assertion that state law claims against non-fiduciaries are not preempted by ERISA. In that case, the court determined that the defendant was a non-fiduciary because it "was involved solely in the processing of claims," while "[d]eterminations of enrollment, claims eligibility and review of any claims processed by defendant, however, were expressly and solely left in the hands of [the employer]," who the court deemed fiduciaries of the plan. Id. at 568. In this case, the situation is factually dissimilar because Plaintiffs allege that Xerox played a role in "determining that plaintiff was not continually eligible for life insurance benefits under the terms of the Plan" (Compl. ¶ 38(3)) and Delta acted in "its determination of decedent's employment status and as to his continuing eligibility for life insurance under the terms of the above stated Plan. . . ." (Id. ¶ 43.) Moreover, in Sparks v. Mo-Kan Iron Workers Pension Fund, 765 F. Supp. 566 (W.D. Mo. 1990), the court relied on a line of cases holding that ERISA does not preempt state claims against a non-fiduciary. Id. at 569. Having found the precedent in this Circuit to the contrary, the court is unmoved by the reasoning in Sparks.

LLC, even if they are considered non-fiduciaries, are preempted by ERISA.[9]

**C.   Plaintiffs are granted leave to amend**

Plaintiffs request, in the event the Court is inclined to grant Defendants' motions to dismiss, that the Court convert their state law claims to ERISA claims, thus avoiding any need for refiling. Plaintiffs contend that "when a plaintiff files a complaint that contains a state law claim that is within the scope of ERISA section 502(a), the claim is transformed into an ERISA section 502(a) federal claim." Carducci v. Aetna U.S. Healthcare, 247 F. Supp. 2d 596, 607 (D.N.J. 2003), rev'd sub nom. Levine v. United Healthcare Corp., 402 F.3d 156 (3d Cir. 2005). Delta responds that although the court has discretion to allow a plaintiff to amend the complaint, the court must not allow an amendment if the additional claims would be futile. See Dipeppe v. Local 623, 1999 WL 1705151, at *1 (D.N.J. Mar. 31, 1999). Xerox contends that Plaintiffs' reliance on Carducci is misplaced because the "principal reason" for the court's decision to convert the state law claims to ERISA claims in that case was "the extensive motion practice already engaged in by

---

[9] Because the Court finds Plaintiffs' state law claims preempted by ERISA, there is no need for the Court to address Defendants' arguments that these claims should be dismissed on other grounds, including Defendants' argument that they are barred by the statute of limitations.

the parties." Carducci, 247 F. Supp. 2d at 607. Both Defendants assert that the state law claims cannot simply be "transformed" into ERISA claims because this would violate the Federal Rules of Civil Procedure, which require plaintiffs to provide defendants adequate notice of the claims and allegations against them. Fed. R. Civ. P. 8.

Although the court in Carducci allowed the state claims to be treated as ERISA claims to defeat a motion to dismiss, Carducci relied heavily on the extensive motion practice in the case and that the defendants were aware that the state claims would be preempted by ERISA. Carducci, 247 F. Supp. 2d at 607. In fact, the court had ruled almost a year earlier that the claims were claims for benefits under section 502(a) of the ERISA statute, giving defendants sufficient notice that the plaintiff had a valid benefits claim under ERISA. Id. Carducci, however, is the exception rather than the rule. Other courts in the Third Circuit have immediately dismissed state law claims found to be preempted by ERISA without considering conversion. See Tannenbaum v. Unum Life Ins. Co. of Am., 2006 WL 2671405, at *9 (E.D. Pa. Sept. 15, 2006); Cecchanecchio v. Cont'l Cas. Co., 2001 WL 43783, at *5 (E.D. Pa. Jan. 19, 2001); Miller v. Aetna Healthcare, 2001 WL 1609681, at *2 (E.D. Pa. Dec. 12, 2001).

In the present case, the Court now confronts the first motions filed. There is no history of motion practice comparable

to that in <u>Carducci</u>. Nor have Plaintiffs identified anything else in the record or the procedural history of this case to warrant the unusual accommodation they request. Instead, the Court finds that Defendants are entitled to notice as provided by the Rules. Accordingly, the Court rejects Plaintiffs' request to merely convert their pleading to state claims under ERISA. Plaintiffs, however, are granted leave to file an amended complaint setting forth appropriate ERISA claims against these defendants within 21 days, as the Court finds that such an amendment may not be futile.

## V. CONCLUSION

In light of the foregoing, the Court will grant Defendants' motions to dismiss and dismiss Plaintiffs' claims for breach of contract and negligence without prejudice to Plaintiffs' filing of an Amended Complaint setting forth appropriate ERISA claims within 21 days. An accompanying order will be entered.


**August 27, 2015**          **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                                   Chief U.S. District Judge