IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF MARK JENNINGS, et al., | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | Civil Action No. 15-962 (JBS/AMD) |
| v. | |
| DELTA AIR LINES, INC., et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Robert Aaron Greenberg, Esq.
ARONBERG, KOUSER & PAUL
430 Route 70 West
Cherry Hill, NJ 08002
      Attorney for Plaintiffs

John Timothy McDonald, Esq.
THOMPSON HINE LLP
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
      Attorney for Defendant Delta Air Lines, Inc.

Darth M. Newman, Esq.
Howard A. Rosenthal, Esq.
ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033
      -and-
Jonathan P. Rardin, Esq.
ARCHER & GREINER, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA 19103
      Attorneys for Defendant Xerox Business Services, LLC

**SIMANDLE, Chief Judge:**

**I. INTRODUCTION**

In this action, Emily Jennings, individually and as administratrix of the Estate of Mark Jennings, asserts claims for breach of fiduciary duty under the Employment Retirement Income Security Act of 1974 ("ERISA") against Delta Air Lines, Inc. ("Delta") and Xerox Business Services, LLC ("Xerox"), as successor of Affiliated Computer Services, Inc. ("ACS"), for their roles in the allegedly wrongful denial of the Estate's life insurance claim. Following her husband's unexpected death, Ms. Jennings filed a claim under his life insurance policy provided by his employer, Delta, as part of a group employee benefits plan. Xerox was the records custodian for the plan, and in this capacity, interacted with Mr. Jennings and made eligibility decisions regarding his life insurance benefits.

This matter comes before the Court on motions to dismiss Plaintiffs' amended complaint [Docket Item 28] by Defendants Xerox [Docket Item 32] and Delta [Docket Item 33] under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim. Defendants argue that Plaintiffs' claims under ERISA are time barred under ERISA's three-year statute of limitations for claims where the claimant had actual knowledge of the breach of fiduciary duty. For the reasons discussed below, the Court will grant in part and deny in part Defendants' motions.

2

II. BACKGROUND

A.    Facts

The Court accepts as true for the purposes of the instant motions to dismiss the following facts as alleged in the Amended Complaint. [Docket Item 28.]

Mark Jennings died on or about December 14, 2009 after being struck by a motorist while doing yard work on his property. (Compl. ¶ 7.) Prior to his death, Mr. Jennings was employed at all relevant times as a pilot by Delta, which offered its employees a Welfare Benefit Plan entitled "Delta Pilot's Disability and Survivor Trust" ("the Plan"). (Id. ¶ 8.) Metropolitan Life Insurance Company ("MetLife") was the claims administrator responsible for paying benefits under the Plan while Xerox was the records custodian responsible for maintaining records and corresponding with participants regarding eligibility. (Id. ¶¶ 12-14.) Mr. Jennings was insured under a group life insurance policy as part of the Plan with death benefits totaling $501,725.00. (Id. ¶ 18.)

Plaintiffs allege that Mr. Jennings, a Lieutenant Colonel with the New Jersey Air National Guard, was on active duty at the time of his death, during which he was on Special Conflict Military Leave of Absence from Delta from December 1, 2008 until his death on December 14, 2009. (Id. ¶¶ 16-17.) According to Plaintiffs, due to his Special Conflict Military Leave of

3

Absence status, Delta was responsible for paying premiums for

Mr. Jennings' coverage, despite the fact that he was notified in

March 2009 that he would be responsible for paying the premiums

for his medical, dental, vision and life insurance coverages

beginning in May 2009. (Id. ¶¶ 19-21.) After receiving this

notification, Mr. Jennings called the Delta Employee Service

Center ("ESC") on April 17, 2009 and indicated that he wished to

"cancel his medical, dental and vision insurance and to

temporarily suspend his medical, dental and vision insurance

benefits ONLY, as he would be receiving such benefits through

his active military service . . . ." (Id. ¶ 22.) Mr. Jennings

then sent a letter to Xerox dated April 20, 2009, which stated

the following:

> I am requesting that my health care benefits be retroactively
> rescinded beginning 1 December 2008. Since that time, I have
> been on extended military leave of absence. The USAF has been
> providing full medical and dental coverage through the Tri-
> Care program . . . . I plan to continue utilizing this
> coverage until the time I am able to return to Delta Air
> Lines. Thank you for your assistance to this matter.

(Id. ¶ 25.) Based on this letter, Xerox cancelled all of Mr.

Jennings' coverages and did not send any further billing

invoices. (Id. ¶ 30.) Plaintiffs allege that Mr. Jennings was

never advised that his life insurance coverage would be

cancelled as well if no premium payments were made. (Id. ¶¶ 24,

38.) Delta did not submit any premiums for any of Mr. Jennings'

coverages. (Id. ¶ 27.) On June 9, 2009, Mr. Jennings called the

ESC and was informed that his letter had been received and that

his cancellations had been processed. (Id. ¶ 28.) However, he

was not advised that all coverages, including his life

insurance, had been cancelled. (Id.)

In October, 2011, Mr. Jennings' wife, Emily Jennings, filed

a claim with MetLife as beneficiary for the basic life insurance

benefits under the Plan. (Id. ¶ 29.) After consulting Xerox,

MetLife denied Ms. Jennings' claim and explained that Mr.

Jennings' life insurance was not in effect at the time of his

death because his employment with Delta had terminated on May

15, 2009. (Id. ¶ 32; see also Ex. B to Delta's Motion to

Dismiss.) Ms. Jennings appealed the denial, asserting that her

husband's employment had not been terminated and that Delta was

responsible for paying the premiums for his coverage while he

was on Special Conflict Military Leave of Absence as explained

in Delta's "Pilot's Life Insurance and Survivor Benefits

Handbook."[1] (Id. ¶¶ 33-34.) MetLife upheld the denial on February

---

[1] The Court is familiar with the Handbook because Plaintiffs
previously provided it to the Court in connection with their
opposition to defendant's motion to dismiss in Estate of
Jennings ex rel. Jennings v. Metropolitan Life Ins. Co., Civ.
13-5376 (JBS). See Estate of Jennings ex rel. Jennings v.
Metropolitan Life Ins. Co., Civ. 13-5376 (JBS), 2014 WL 4723147,
at *3 n.3 (D.N.J. Sept. 22, 2014). Accordingly, the Handbook is
publicly available from Plaintiffs' prior suit arising out of
the same subject matter and the Court may take notice of it in
resolving the pending motion. See City of Pittsburgh v. West
Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) ("When deciding
a motion to dismiss, it is the usual practice for a court to

20, 2012 and again on September 10, 2013 for reasons consistent

with those initially stated. (Id. ¶¶ 35-36.) Plaintiffs aver

that at no time did Xerox disclose to Ms. Jennings that Delta

had stopped making premium payments for Mr. Jennings' life

insurance coverage and that his coverage had been cancelled.

(Id. ¶ 37.)

On September 10, 2013, the Estate filed suit against

MetLife pursuant to ERISA claiming benefits due under the Plan

("the MetLife action"). (Id. ¶¶ 39-40.) This Court granted

MetLife's motion for summary judgment on September 22, 2014.

(Id. ¶ 41.) See Estate of Jennings ex rel. Jennings v.

Metropolitan Life Ins. Co., Civ. 13-5376 (JBS), 2014 WL 4723147,

at *9 (D.N.J. Sept. 22, 2014).[2] Plaintiffs allege that they only

learned of the fiduciary roles of Xerox and Delta during the

pendency of that case. (Id. ¶ 42.)

B.    Procedural background

---

consider only the allegations contained in the complaint,
exhibits attached to the complaint and matters of public
record.").
[2] The Court concluded that "MetLife's denial of Plaintiff's claim
for benefits was proper and consistent with the Plan terms
because . . . no premiums were paid on Mr. Jennings' behalf and
no life insurance coverage was in effect at the time of his
death." Id. Additionally, the Court rejected the Estate's
argument that Metlife should be held liable for errors by Xerox
in billing and cancellation decisions. Id. Importantly, however,
the Court made no determination regarding the liability of the
present Defendants, Xerox or Delta.

Plaintiffs filed this action on February 6, 2015 against Delta and Xerox asserting claims for breach of contract and negligence after the MetLife action was adjudicated in MetLife's favor. After both Defendants moved to dismiss [Docket Items 17 & 18] on the grounds that Plaintiffs' state law claims were preempted by ERISA, the Court granted Defendants' motions and gave Plaintiffs leave to amend their Complaint to set forth appropriate ERISA claims. [Docket Items 26 & 27.] Plaintiffs timely filed an Amended Complaint asserting claims for breach of fiduciary duty under ERISA. [Docket Item 28.] Defendants then filed the instant motions to dismiss the Amended Complaint for failure to state a claim [Docket Items 32 & 33], asserting that Plaintiffs' ERISA claims are barred by a three-year statute of limitations.

## III. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that plaintiff failed to set forth sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). However, legal conclusions are not entitled to the same assumption of truth, and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> To determine if a complaint meets the pleading standard, the Court must strip away conclusory statements and "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." <u>Bistrian v. Levi</u>, 696 F.3d 352, 365 (3d Cir. 2012) (quotation omitted).

## IV. DISCUSSION

Both Delta and Xerox argue that Plaintiffs' claims are barred by the three-year limitations period under ERISA applicable to claims where a plaintiff had "actual knowledge of the breach or violation" of a fiduciary's duty. According to Defendants, Plaintiffs' ERISA claims should have been brought no later than October 2014, three years after her claim for benefits on Mr. Jennings' life insurance plan was denied. Plaintiffs argue in turn that they lacked the requisite knowledge until discovery was provided in 2013 or 2014 in the MetLife action, and that accordingly their claims are not time-barred.

Defendants' statute of limitations argument is an affirmative defense and "the burden of establishing its applicability to a particular claim rests with the defendant." Pension Trust Fund for Operating Engineers v. Mortgage Asset Securitization Transactions, Inc., 730 F.3d 263, 271 (3d Cir. 2013). A statute of limitations defense may be raised by motion under Rule 12(b)(6) if the limitations bar is apparent on the face of the complaint. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

Analysis of the timeliness of a breach of fiduciary duty claim under ERISA "first requires identification and definition of the underlying ERISA violation upon which the fiduciary breach claim is founded. Two temporal determinations must then be made: the date of the last action which formed a part of the breach and the date of the plaintiff's actual knowledge of the breach." Gluck v. Unisys Corp., 960 F.2d 1168, 1178 (3d Cir. 1992) (internal citations omitted). ERISA imposes a limitations period on breach of fiduciary duty claims against ERISA plan fiduciaries that is the earlier of

> (1) six years after (A) the date of the last action which constituted part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation.

29 U.S.C. § 1113.

Here, Plaintiffs' Amended Complaint identifies the following violations by Xerox and Delta underlying their allegations of breach of fiduciary duty: (1) Xerox's failure to accurately interpret and honor Mr. Jennings' written instructions to cancel only his "health care benefits" (Am. Compl. ¶¶ 48-49); (2) Xerox's failure to notify Mr. Jennings that his life insurance coverage would be, and was, cancelled if and when no premium payments were made (id. ¶¶ 50-51); (3) Xerox's failure to notify Mr. Jennings of the cancellation of his life insurance coverage (id. ¶ 52); (4) Delta's failure to continue making life insurance premium payments on Mr. Jennings' behalf during his military leave (id. ¶ 64); and (5) Delta's misrepresentation to Xerox of Mr. Jennings' employment status upon Ms. Jennings' claim for life insurance benefits. (Id. ¶ 65.) The last of these actions that constitute Plaintiffs' breach of fiduciary duty claim, Delta's misrepresentation to Xerox of Mr. Jennings' employment status, allegedly occurred in October 2011. (Id. ¶¶ 29-31.) Section 1113's six-year limitations period would run until October 2017, well after Plaintiffs initiated this action on February 6, 2015.

In order to find that Plaintiffs had actual knowledge of these violations sufficient to trigger ERISA's shorter three-year limitations period, Defendants must show that Plaintiffs

had "knowledge of all relevant facts at least sufficient to give the plaintiff knowledge that a fiduciary duty has been breached or ERISA provision violated." Gluck, 960 F.2d at 1178. Actual knowledge requires that a plaintiff "knew not only of the events that occurred which constitute the breach or violation but also that those events supported a claim of breach of fiduciary duty or violation under ERISA." Montrose Med. Group Participating Savings Plan v. Bulger, 243 F.3d 773, 787 (3d Cir. 2001) (citing Int. Union of Elec., Elec., Salaried, Mach., and Furniture Workers, ALF CIO v. Murata Erie N. Amer., Inc., 980 F.2d 889, 900 (3d Cir. 1992)). This provision "sets a high standard for barring claims against fiduciaries" on the shorter limitations period. Id. at 1176.

Plaintiffs' allegations that Delta breached its fiduciary duty to continue making life insurance premium payments during Mr. Jennings' military leave are time-barred because Plaintiffs had actual knowledge of that breach more than three years before filing this lawsuit. Plaintiffs were aware that Delta had stopped making payments on Mr. Jennings' behalf when he "was advised that he would be responsible for premium payments related to his dental, vision and life insurance coverages" and received a billing invoice in March 2009. (Am. Compl. ¶¶ 20-21.) At that time "Plaintiffs received notice of the event that constituted the alleged breach through the  . . . letter that

stated that they would owe these premiums." Lewis v. Allegheny

Ludlum Corp., 579 Fed. Appx. 116, 121 (3d Cir. 2014). Even

assuming that Plaintiffs were not yet aware that this could

support an ERISA claim as required by the Third Circuit in

Montrose, Plaintiffs learned that the Plan was regulated by

ERISA on October 24, 2011 when Ms. Jennings received the letter

from MetLife denying her claim. Plaintiffs can therefore be

ascribed with both prongs of the Montrose test for actual

knowledge of that particular ERISA claim sufficient to trigger

the shorter limitations period, thereby requiring that any claim

for that breach be asserted no later than October 2014.

        However, Defendants cannot show on the facts alleged in the

Amended Complaint that Plaintiffs had actual knowledge of their

remaining breach of fiduciary duty claims until the pendency of

the MetLife action. Defendants' position that actual knowledge

can be ascribed at the time that Ms. Jennings' beneficiary claim

was denied by MetLife in October 2011 misrepresents the crux of

Plaintiffs' actual complaint: that Delta and Xerox breached

their respective fiduciary duties owed under ERISA to "discharge

[their] duties with respect to a plan solely in the interests of

the participants and beneficiaries and for the exclusive purpose

of providing benefits to participants and their beneficiaries,"

29. U.S.C. § 1104(1), by, inter alia, disregarding Mr. Jennings'

instructions to cancel only some of his insurance coverage,

failing to inform him of the cancellation of his life insurance policies, and misrepresenting his employment status. Ms. Jennings may have had actual knowledge of an ERISA claim against someone in October 2011 when her beneficiary claim was denied in a suspect manner, but she cannot unequivocally be ascribed with actual knowledge of Xerox and Delta's alleged shortcomings at that time. Plaintiffs have alleged that they did not have "knowledge of the facts giving rise to the fiduciary violation" until the MetLife action, and Defendants have not adequately shown otherwise to establish their statute of limitations defense. Richard B. Roush, Inc. Profit Sharing Plan v. New England Mut. Life Ins. Co., 311 F.3d 581, 585 (3d Cir. 2002); Montrose, 243 F.3d at 787.

Because Plaintiffs initiated this action less than six years after the alleged breach of fiduciary duty, and because there is insufficient evidence to show that they had actual knowledge of most of Xerox and Delta's alleged breaches more than three years before bringing suit, most of Plaintiffs' Amended Complaint is timely under ERISA.

**V. CONCLUSION**

In light of the foregoing, the Court will grant Defendant Delta's motion to dismiss in part, deny Defendant Delta's motion to dismiss in part, and deny Defendant Xerox's motion to dismiss entirely. An accompanying order will be entered.

13

**June 28, 2016**                    **/s Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                Chief U.S. District Judge

14