```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| THE ESTATE OF MARK JENNINGS, et al., | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | Civil Action No. 15-962 (JBS/AMD) |
| v. | |
| DELTA AIR LINES, INC., et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

In this action, Emily Jennings, individually and as administratrix of the Estate of Mark Jennings, asserts claims for breach of fiduciary duty under the Employment Retirement Income Security Act of 1974 ("ERISA") against Delta Air Lines, Inc. ("Delta") and Xerox Business Services, LLC ("Xerox"), as successor of Affiliated Computer Services, Inc. ("ACS"), for their roles in the allegedly wrongful denial of the Estate's life insurance claim. Following her husband's unexpected death, Ms. Jennings filed a claim under his life insurance policy provided by his employer, Delta, as part of a group employee benefits plan. Xerox was the records custodian for the plan, and in this capacity, interacted with Mr. Jennings and made eligibility decisions regarding his life insurance benefits.

On June 28, 2016, this Court granted in part and denied in part Defendants' motions to dismiss the Amended Complaint, finding that certain of Plaintiffs' claims were time-barred by ERISA's 3-year statute of limitations for claims of which the plaintiff had actual knowledge of the breach or violation, but that others were timely under ERISA's later 6-year limitations period. See Estate of Mark Jennings, et al. v. Delta Air Lines, et al., Civil No. 15-962, 2016 WL 3537197 (D.N.J. June 28, 2016). Before the Court are motions for reconsideration of this Court's dismissal order filed by Defendants Xerox Business Services, LLC ("Xerox") [Docket Item 43] and Delta Air Lines, Inc. ("Delta"). [Docket Item 44]. For the reasons that follow, the Court will deny both motions.

1. **Dismissal Opinion.** In its June 28, 2016 Opinion and Order, the Court recited, at length, the factual background relative to Xerox and Delta's involvement in the allegedly wrongful denial of the Estate's life insurance beneficiary claim, see Estate of Mark Jennings, 2016 WL 3537197, at *1-*3; the framework for assessing the timeliness of a breach of fiduciary duty claim under ERISA, see id. at *3-*4; and the specific allegations in the Amended Complaint regarding Ms. Jennings' knowledge of any alleged breaches. See id. at *4-*5.

2. Specifically, this Court determined that Plaintiffs' allegations that Delta breached its fiduciary duty to continue

making life insurance premium payments during Mr. Jennings' military leave were time-barred by ERISA's 3-year statute of limitations because Plaintiffs became aware in the spring of 2009 that Delta had stopped making payments when Mr. Jennings received a billing invoice for his insurance premiums. The Court determined that Plaintiffs' other claims, alleging, inter alia, that Xerox disregarded Mr. Jennings' instructions to cancel only some of his insurance coverage and failed to inform him of the cancellation of his life insurance policies, and that Delta misrepresented his employment status, were timely under the later limitations period because Ms. Jennings "cannot unequivocally be ascribed with actual knowledge of Xerox and Delta's alleged shortcomings" until 2013, when discovery was exchanged in Ms. Jennings' suit against MetLife, the claims administrator for Mr. Jennings' insurance plan. Accordingly, the Court found that, because ERISA's later six-year limitations period applied, Plaintiffs' remaining claims in the Amended Complaint were timely.

    3.   Xerox now argues that this Court's determination that Plaintiffs' claims against Xerox, inter alia that Xerox failed to accurately interpret and honor Mr. Jennings' written instructions and that Xerox failed to notify Mr. Jennings that his life insurance was cancelled, are timely conflict with its findings of fact in the Opinion and Order granting summary

3

judgment in Estate of Jennings ex rel. Jennings v. Metropolitan Life Ins. Co., Case No. 13-5376, 2014 WL 4723147 (D.N.J. Sept. 22, 2014) ("the MetLife action"), and that this Court incorrectly interpreted what is necessary to trigger ERISA's earlier 3-year limitations period because a plaintiff need not know the exact identity of a fiduciary in order to start the clock. Delta, in turn, argues that this Court's determination that Plaintiffs' claim that Delta allegedly misrepresented Mr. Jennings' employment status is timely is "a clear error of fact" for three reasons: first, because Plaintiffs cannot plausibly allege that they did not know about the misrepresentation any later than 2011; second, because the misrepresentation claim fails to state a claim because no independent harm resulted from that breach; and third, like Xerox, because a plaintiff does not need to know the exact identity of a fiduciary in order to trigger the earlier 3-year ERISA statute of limitations. Plaintiffs oppose both motions, arguing that Defendants have failed to satisfy the standard set forth for reconsideration.

 4.   **Standard of Review.** Local Civil Rule 7.1(i) governs the Court's review of the moving parties' motions for reconsideration. In order to prevail on a motion for reconsideration, the party seeking reconsideration must, as relevant here, demonstrate "'the need to correct a clear error

4

of law or fact or to prevent manifest injustice.'"[1]  Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted); Lazaridis v. Wehmer, 591 F.3d 666, 669 (citation omitted) (3d Cir. 2010) (same).  More specifically, the moving party must set forth the "dispositive factual matters or controlling decisions of law" it believes the Court overlooked when rendering its initial decision.  Mitchell v. Twp. of Willingboro Mun. Gov't, 913 F. Supp. 2d 62, 78 (D.N.J. 2012) (internal citation omitted).

    5.    In that way, a party seeking reconsideration must meet a high burden.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994); Maldonado v. Lucca, 636 F. Supp. 621, 629 (D.N.J. 1986).  Even more critically, though, reconsideration does not provide "an opportunity for a second bite at the apple," Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998), nor a vehicle "to relitigate old matters."  NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).  Indeed, mere disagreement with the court's decision – particularly its reasoning and distillation of the applicable law and facts – should be aired through the appellate process.

---

[1] A party seeking reconsideration could, in the alternative, identify an intervening change in law and/or the availability of previously unavailable evidence.  See Andreyko, 993 F. Supp. 2d at 478 (citations omitted).  The moving parties here, however, advance no such arguments.

See Andreyko, 993 F. Supp. 2d at 478; see also Shevline v. Phoenix Life Ins., No. 09-6323, 2015 WL 348552, at *1 (D.N.J. Jan. 23, 2015) (same).

6. **Discussion.** The essence of a motion for reconsideration is an opportunity for a party to present to the Court a matter or controlling decision of law that the Court "overlooked" in the prior decision: that is, a matter that was presented to the Court but not considered in the initial motion practice, which might reasonably have resulted in a different conclusion. SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir. 1989). Xerox predicates its request for reconsideration on two bases: that this Court's findings in the dismissal order in this case allegedly conflict with findings made in its summary judgment opinion in a related case (to which Xerox was not a party), the MetLife action, Estate of Jennings ex rel. Jennings v. Metropolitan Life Ins. Co., Case No. 13-5376, 2014 WL 4723147 (D.N.J. Sept. 22, 2014), and that a plaintiff need not know the identity of a fiduciary in order to trigger the 3-year statute of limitations. Only Xerox's second point was presented to the Court on its initial motion to dismiss, and therefore it is the only point addressing a matter that this Court potentially "overlooked."

7. The Court will not reconsider its finding that Plaintiffs' claims against Xerox are timely on the grounds that

6

this conflicts with findings made in the MetLife action. At no point in its earlier dismissal motion practice did Xerox raise this argument, that factual findings in the MetLife action can, and should, govern this case: at most, Xerox appended a copy of this Court's summary judgment from the earlier case, without addressing its significance in briefing on statute of limitations dismissals.

8. Moreover, Xerox would ask this Court to address factual matters by going outside the pleadings, which is inconsistent with the Rule 12(b)(6) dismissal motion Xerox elected to bring. While it is certainly true that dismissal on statute of limitations grounds is proper in a Rule 12(b)(6) motion where the date of accrual of the cause of action is ascertainable from the complaint and undisputed documents annexed to, or relied on, in the complaint, Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014), Xerox would invite this Court to find facts contrary to those pled in the complaint. Perhaps that can be done in a later summary judgment motion after sufficient time for discovery, but it cannot be done in this underlying Rule 12(b)(6) dismissal motion.

9. Nor will the Court will reconsider its finding that Plaintiffs' claims against Xerox are timely on the grounds that there are cases holding that a plaintiff need not know the exact identity of a fiduciary in order to trigger the limitations

7

period. Here, Xerox merely rehashes its earlier points on its motion to dismiss. Moreover, because Xerox relies only on <u>Brown v. Owens Corning Inv. Review Committee</u>, 622 F.3d 564 (6th Cir. 2010) in support of its position on this point, a case not binding on this Court, Xerox has failed to set forth a <u>controlling</u> matter of law overlooked. <u>See</u> <u>Engers v. AT&T Corp.</u>, Case No. 98-3660, 2006 WL 3359722, at *4 (D.N.J. Nov. 20, 2006) ("Further, the Second and Eleventh Circuit cases cited to by Plaintiffs, as well as the District Court cases, clearly do not constitute 'controlling decisions' sufficient to establish a proper basis for reconsideration."). The Court will not grant reconsideration on this ground.

10. Delta has predicated its reconsideration request on only one matter raised earlier: its third point, that a plaintiff need not know the identity of a fiduciary in order to trigger the 3-year statute of limitations. As above, the Court will not reconsider its finding on this basis. Delta's other grounds for contesting the timeliness of Plaintiffs' misrepresentation allegations, that these allegations are not plausible and fail to state a claim because they did not give rise to any independent harm, are new to this motion. Local Rule 7.1(i) limits reconsideration to matters overlooked by the Court on the first motion in order to "encourage parties to present their positions as completely as possible, and to prevent

8

parties from filing a second motion, with the hindsight provided by the court's analysis, covering issues that should have been raised in the first set of motions." <u>United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing <u>United States v. Torres</u>, Crim. No. 89-240 (D.N.J. March 30, 1990)). The Court may deny reconsideration on this basis alone.

    11.   An accompanying order will be entered.

 **January 30, 2017**               **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                     Chief U.S. District Judge